IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WALKER MILL BAPTIST CHURCH<br>6801 Walker Mill Rd.<br>Capitol Heights, MD 20743<br><br>*Plaintiff,*<br><br>vs.<br><br>SENTINEL INSURANCE COMPANY<br>LIMITED<br>One Hartford Plaza<br>Hartford, CT 06155<br><br>*Defendant.* | Case Number: 8:23-cv-00563-DLB |

## FIRST AMENDED COMPLAINT

Plaintiff Walker Mill Baptist Church hereby sues Defendant, Sentinel Insurance Company, Limited, and in support thereof states as follows:

### JURISDICTION AND VENUE

1. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C.A. §1332(a)(1). The amount in controversy exceeds the sum of $75,000 and is between citizens of different states.

2. This Court has specific personal jurisdiction over Defendant, pursuant to Md. Code Ann. Cts. & Jud. Proc. §6-103(b)(1). Defendant, though based in Connecticut, actively and regularly engages in insurance coverage in multiple states, including Maryland.

3. Venue is appropriate pursuant to 28 U.S.C.A. §1391(b)(2). The events giving rise to the claim occurred within this jurisdiction and the property that is the subject of the action is situated within this jurisdiction.

### PARTIES

4. Plaintiff is a church located in Prince George's County, Maryland.

5. Defendant is a corporation with its principal place of business in Connecticut.

1

6. Defendant does business in the State of Maryland as a property and casualty insurer licensed by the Maryland Insurance Commission.

## FACTS COMMON TO ALL CLAIMS

7. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

8. Plaintiff's church is located at 6801 Walker Mill Rd. Capitol Heights, MD 20743. (the "Property")

9. At all times relevant hereto, Plaintiff maintained a business insurance policy which covers, in part, the Property. Plaintiff's policy number is #42 SBA IR1792, with Defendant (the "Policy").

10. The Policy provided, in part, building and business personal property insurance coverage for the Property, including improvements thereon and the contents therein.

11. The Policy is an indemnification policy, wherein Defendant promises to return Plaintiff's Property to its pre-loss condition, within policy limits.

12. On or about August 3, 2020, a storm caused damage to the Property. The Plaintiff's claim is claim #CP0018813776.  The storm caused substantial damage to the Property, including, *inter alia*, puncturing the roof; breaking windows and screens; substantial damage to the siding and exterior walls of the property; substantial damage to the siding of the property; and water damage inside the property.  The storm also caused substantial damage to a house adjacent to the Property.

13. Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

14. On or about August 19, 2020, Defendant inspected the Property and found minimal damage in the amount of $4,597.11.  Defendant, on multiple occasions failed to properly inspect the property and failed to properly scope the loss by intentionally ignoring areas of damage and turning a blind eye to the true extent of the loss.

15. Defendant set about to deny and/or underpay on properly covered damages. As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair the Property, Plaintiff's claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment to which they are entitled under the Policy.

16. As a result of Defendant's failure to properly investigate the claim, Plaintiff hired Semper Fi Public Adjusters LLC ("Semper Fi") to evaluate the claim and secure proper indemnification from Defendant.

17. On June 22, 2021, Semper Fi submitted a letter of representation to Defendant requesting copies of Defendant's scope of work, communications with Plaintiff, and Plaintiff's certified policy.

18. After numerous requests, Semper Fi and Plaintiff received a copy of Plaintiff's certified policy.

19. On or about July 28, 2021, Semper Fi inspected the property and determined, *inter alia*, that the roof could not be repaired and needed to be replaced.

20. Semper Fi submitted an estimate and scope of work, supported by evidence and opinions, to Defendant totalling $1,143,299.13.

21. On or about January 26, 2022, Defendant rejected Plaintiff's sworn proof of loss, as well as Semper Fi's estimate and scope of work on the basis that it was requesting a second inspection of the property.

22. Defendant spent nearly five months, an unreasonable amount of time, reviewing Semper Fi's documentation. On or about May 23, 2022, Defendant informed Semper Fi that they were ready to proceed with a second inspection of the Property along with their hired agent EFI Engineers ("EFI").

23. On or about June 21, 2022, Defendant and EFI inspected the property with Semper Fi in attendance, during which Semper Fi pointed out the punctures to the roof, and informed Defendant's engineer that the roof needed to be replaced.

24. EFI verbally agreed that the roof needed to be replaced.

25. Rather than proceed with the replacement of the roof, Defendant refused to proceed without first receiving an invoice for the emergency services required to protect the Property from further damage.

26. Because emergency services were still ongoing, no invoice for emergency services existed at the time.

27. On or about June 28, 2022, Defendant sent a letter to Semper Fi stating that Defendant was still waiting for EFI's findings from the second inspection.

28. Defendant's delays in resolving Plaintiff's claim were intentional and an attempt by Defendant to avoid payment on Plaintiff's claim under the Policy.

29. Defendant's refusal to proceed with processing Plaintiff's claim and effecting repairs to the roof was done solely to delay indemnifying Plaintiff and to avoid paying Plaintiff as required by the Policy.

30. Semper Fi has submitted an estimate to Defendant for the scope of work on Plaintiff's claim and has made reasonable requests for full indemnification on Plaintiff's claim, which Defendant has rejected without reasonable explanation.

31. In denying Semper Fi's scope of work and reasonable demands for payment, Defendant failed to consider all the facts available and did not provide a reasonable explanation for denying Semper Fi's demand.

32. In particular, Defendant has refused to consider the evidence and opinions of Semper Fi, instead relying exclusively on its own adjuster's evidence.

33. In failing to consider all available facts and evidence, Defendant did not reject Semper Fi's scope of work and reasonable demands for payment based on honesty and/or diligence.

34. Defendant refused to negotiate with Semper Fi regarding Semper Fi's scope of work and estimate.

35. To date, Plaintiff's claim remains severely underpaid. Semper Fi's estimate of the amount required to restore Plaintiff's residence to a pre-loss condition is $1,143,299.13.  Further, Plaintiff has suffered, and continues to suffer, ongoing damages as a result of Defendant's acts and omissions described herein.

36. Plaintiff has also suffered business losses because some or all of the Property was unusable for periods of time as a result of the storm damage, and as a result of Defendant's failure to properly administer Plaintiff's claim.

37. Pursuant to Md. Code Ann. Cts. & Jud. Proc § 3-1701(c)(2)(iii) there is no requirement for a final decision by the Maryland Insurance Administration on a complaint filed pursuant to Md. Code. Ann. Ins. §27-1001 because Plaintiff possesses a commercial insurance policy with Defendant exceeding one million dollars.

### COUNT I: BREACH OF CONTRACT

38. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

39. To attain relief for breach of contract, a Plaintiff must prove a valid contractual obligation and the other party's breach of that obligation (*Mt. Hawley Ins. Co. v. Adell Plastics, Inc.*, 348 F.Supp.3d 458, 466 (D.Md., 2018)).

40. A contract is formed when an unrevoked offer made by one person is accepted by another. An essential element of contract formation is a mutual assent by the parties to the terms

4

thereof; thus, to establish a contract, the minds of the parties must be in agreement as to its terms. Mutual assent includes intent to be bound and definiteness of terms. A contract must express the nature and extent of the parties' obligations and the essential terms of the agreement (*Class Produce Group, LLC v. Harleysville Worcester Insurance Company*, 2018 WL 1471682, 6 (D. Md., 2018)). In Maryland, a party suffering a breach of contract is entitled to recover as damages the amount that would place him in the position he would have been in, had the contract not been broken (*Bierman Family Farm, LLC v. United Farm Family Insurance Company*, 265 F.Supp.3d 633 (D.Md., 2017)).

41. The written language embodying the terms of an agreement will govern the rights and liabilities of the parties, irrespective of the intent of the parties at the time they entered into the contract. When the clear language of a contract is unambiguous, the court will give effect to its plain, ordinary, and usual meaning, taking into account the context in which it is used. The words in the policy must be accorded their customary, ordinary, and accepted meaning, unless there is an indication that the parties intended to use the words in a technical sense. Any ambiguity will be construed liberally in favor of the insured and against the insurer as drafter of the instrument (*Charter Oak Fire Company v. American Capital Ltd.*, 2017 WL 3315306, 6 (D.Md., 2017)).

42. Plaintiff's homeowners insurance policy with Defendant constitutes a binding contract.

43. Defendant's failure and/or refusal to pay adequate compensation on Plaintiff's policy with Defendant as is its obligation under the terms of the policy in question, and under the laws of Maryland, constitutes a breach of Defendant's insurance contract with Plaintiff. Defendant has failed to cite a policy exclusion that would provide adequate grounds for denial of coverage to Plaintiff.

44. As a result of Defendant's breach of the Policy and Defendant's failure to pay Plaintiff's claim for the damages thereunder, Plaintiff has suffered and will continue to suffer damages.

45. WHEREFORE, Plaintiff seeks such relief as specified in Plaintiff's' Prayer for Relief below.

## COUNT II: FAILURE TO SETTLE CLAIMS IN GOOD FAITH PURSUANT TO CTS. & JUD. PROC. §3-1701

46. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

47. Md. Code, Ins. § 27-1001(a) defines good faith as an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known at the time the insurer made a decision on a claim.

48. Maryland further provides, under Md. Code, Ins. § 27-1001; Md. Code, Cts. & Jud. Proc. § 3-1701, that an insured may recover damages if an insurer does not act in good faith in settling a claim under a property insurance policy. The statute, as written, provides explicitly for a private cause of action following the exhaustion of remedies under Md. Code, Ins. § 27-1001. Md. Code, Cts. & Jud. Proc. § 3-1701(c)(2)(iii) expressly removes requirements of exhaustion of process under Md. Code, Ins. § 27-1001, prior to the filing of the independent action, for Commercial Policies over $1,000,000. As such, this count is ripe for review as part and parcel of the complaint under Md. Code, Ins. § 27-1001; Md. Code, Cts. & Jud. Proc. § 3-1701, as the obligations provided for under Md. Code, Ins. § 27-301-306 provides expressly that "**This subtitle does not** provide or **prohibit a private right or cause of action** to, or on behalf of, a claimant or other person in any state," and "This subtitle does not impair the right of a person to seek redress in law or equity for conduct that otherwise is actionable." Specifically, Md. Code Ins. § 27-303 through § 27-306 impose the following duties upon the Defendant: to provide adequate justification for Defendant's position denying Plaintiff full coverage of the claim; to, upon request, promptly provide a reasonable explanation of the basis for denial of Plaintiff's claim; to act with reasonable promptness on communications regarding the Plaintiff's claim; to adopt and implement reasonable standards for the prompt investigation of claims; to pay Plaintiff's claim after conducting a reasonable investigation based upon all available information; to affirm or deny coverage of claims within a reasonable amount of time after proof of loss statements had been completed by Plaintiff and Plaintiff's representatives; to settle Plaintiff's claim promptly where liability is reasonably clear; to provide promptly a reasonable explanation of the basis for denial of a claim or an offer of a compromise settlement; and, to not refuse to pay Plaintiff's claim for an arbitrary or capricious reason based upon all available information.

49. Defendant, throughout the claim, has not formed judgments supported by the evidence, or based on honesty or diligence, as its offer of settlement failed to account for and incorporate all information available to it, including Plaintiff's proper scope of work and its own inspector's opinions which were in accord with Plaintiff's inspector, specifically that full roof replacement was necessary as a result of the windstorm damage  See paragraphs 23 through 25, above.

50. Defendant has made misrepresentations in substantiation of positions made arbitrarily and capriciously, without reasonable support by the evidence, or with the diligence to have sought the information requisite to form the basis of such decisions, and in particular as it related to denial of roof replacement, as it knew, or should have known, that its own inspector had agreed with Plaintiff's position regarding same yet nevertheless falsely contended that it had no obligation to cover these damages. See paragraphs 22 through 29, above.

51. Defendant acted in this way to limit payment on a claim in violation of Md. Code, Ins. § 27-1001; Md. Code, Cts. & Jud. Proc. § 3-1701, and in contravention of its duties as outlined in Paragraph 48, above.

52. Defendant's actions have caused substantial and continuing damages to Plaintiff.

53. Defendant has an obligation to act in good faith and, in addition to the private right of action granted under this section, Defendant is also bound in its behavior by Md. Code, Ins. § 27-301 through § 27-306 and COMAR 31.15.07.

54. As a result of this Failure to Act in good faith as defined by Md. Code, Ins. § 27-1001; Md. Code, Cts. & Jud. Proc. § 3-1701, Plaintiff's Property cannot be fully repaired, and Plaintiff remains only partially compensated for the necessary repairs to Plaintiff's Property.

55. As provided under Md. Code, Ins. § 27-1001; Md. Code, Cts. & Jud. Proc. § 3-1701, Plaintiff requests actual damages, which actual damages may not exceed the limits of the applicable policy.

56. As provided under Md. Code, Ins. § 27-1001; Md. Code, Cts. & Jud. Proc. § 3-1701, Plaintiff demands expenses and litigation costs incurred by the insured in an action under § 3-1701, or § 27-1001 of the insurance article, or both, including reasonable attorney's fees.

57. As provided under Md. Code, Ins. § 27-1001; Md. Code, Cts. & Jud. Proc. § 3-1701, Plaintiff demands interest on all actual damages, expenses, and litigation costs incurred by the insured, computed at the rate allowed under § 11-107(a), and from the date on which Plaintiff's claim would have been paid if the insurer acted in good faith.

58. WHEREFORE, Plaintiff seeks such relief as specified in Plaintiff's Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby demands judgment of and from the Defendant for damages sustained in an amount exceeding seventy five thousand dollars ($75,000), or in such amount as is proven at trial, plus prejudgment interest from the date Plaintiff's claim would have been paid if Defendant acted in good faith, reasonable attorney's fees, litigation expenses and costs, post-judgment interest at the legal rate, and such other and further relief as this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for this case.

Respectfully submitted,

/s/ *Allan Poteshman*             /s/ *Robert S. Morter*
Allan Poteshman, #20879        Robert S. Morter, #14934
Foundation Legal, LLC          Hodge Law Firm, LLC
114 Charles St.                    1301 Market St.
Rockville, MD 20850           Galveston, TX  77550
Phone: (240)-490-1070          Phone: (409) 762-5000
Email: allan@foundationlegal.net    Email: bmorter@hodgefirm.com
*Co-Counsel for Plaintiff*           *Co-counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 22, 2023, a true copy of the foregoing document and this Certificate was sent via the Court's electronic filing system to:

Ezra S. Gollogly (Bar No. 28088)
Taylor B. Scott (Bar No. 30583)
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
egollogly@kg-law.com
tscott@kg-law.com
*Attorneys for Defendant*

                                                    /s/ *Robert S. Morter*
                                                    Robert S. Morter